**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4904**

---

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

   versus

HOWARD MARK HARTLEY,

           Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (2:06-cr-00017)

---

Submitted:  January 31, 2007    Decided:  February 26, 2007

---

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Bryant J. Spann, ALLEN GUTHRIE MCHUGH & THOMAS, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Howard Mark Hartley pleaded guilty to manufacturing by growing and cultivating marijuana in violation of 21 U.S.C. § 841(a) (2000), the district court sentenced him to twelve months imprisonment. On appeal, Hartley argues that the district court misunderstood the scope of its discretion under United States v. Booker, 543 U.S. 220 (2005).

After reviewing the record, we agree that the district court may have sentenced Hartley while operating under an errant conception of the scope of its discretion under our precedent. Under our post-Booker cases, a district court may impose a sentence below the guidelines range if, after assessing the factors in 18 U.S.C.A. § 3553(a) (West 2006), it believes such a sentence is "sufficient, but not greater than necessary," to achieve the goals of § 3553(a). See United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). "The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." United States v. Moreland, 437 F.3d 424, 434 (4th Cir. 2006). Although we do not accord district courts a free hand with respect to variances, we also do not foreclose a variance if accompanied by an explanation which makes the final sentence a reasonable one. Nothing in this opinion should be read to suggest that we have formed any view regarding the appropriate outcome of Hartley's resentencing.

Because the record indicates that the district court misunderstood our precedent, we vacate its judgment and remand for resentencing consistent with this opinion.

<u>VACATED AND REMANDED</u>